UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBRA J. BAKER,**

                         **Plaintiff,**

v.                                                                    **Case No: 8:11-CV-01080-T-27AEP**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

                         **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 17) of the Magistrate Judge recommending that the decision of the Defendant Commissioner be affirmed.  Plaintiff has filed objections (Dkt. 18) to the Report and Recommendation.  The Commissioner did not file a response to Plaintiff's objections.  This Court, having reviewed the Magistrate Judge's Report and Recommendation, independently examined the file, and being otherwise fully advised, is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

### Applicable Standards

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or ... recommendation to which objection is made." 28 U.S.C. § 636(b)(1).  The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).  The District Court may reconsider a report and recommendation where it has been shown that the magistrate's order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The ALJ is required to draw inferences from the record and support his findings and conclusions with substantial evidence. *See Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). While the Court reviews the Commissioner's decision with deference to factual findings, no such deference is given to legal conclusions. *Keeton v. Department of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Id.* Here, the ALJ's determinations are supported by substantial evidence and his conclusions comport with applicable legal standards. *See* 42 U.S.C. § 405(g).

## Discussion

Plaintiff initially contends that the Magistrate Judge erred in his assessment of the ALJ's treatment of Global Assessment of Functioning ("**GAF**") scores because the ALJ misstated the evidence regarding the GAF scores assigned by Dr. Beltran. The ALJ recognized that Dr. Beltran diagnosed bipolar disorder and originally assessed a GAF score of 55-60.[1] The ALJ further noted that "Dr. Beltran continued to report GAF scores reflecting only moderate difficulties in social and

---

[1] A GAF score of 51-60 reflects "moderate symptoms" or "moderate difficulty in social, occupational, or school functioning."

2

occupational functioning." Plaintiff argues that this statement ignores the fact that after the alleged onset of the disability the GAF scores assigned to Plaintiff fluctuated between 50 and 55.[2]

While Plaintiff correctly notes that on various occasions Dr. Beltran assigned a GAF score in the range of 50-55, this does compel the conclusion that the ALJ erred in giving only limited weight to Dr. Beltran's opinion. The GAF score was only one piece of evidence referenced by the ALJ in giving only limited weight to Dr. Beltran's testimony and in determining that Plaintiff was not disabled. *See, e.g.*, Transcript (Dkt. 9), pp. 22-23. Because the ALJ's decision to afford limited weight to Dr. Beltran's opinion was supported by other substantial evidence in the record, the failure of the ALJ to recognize that the GAF score assigned to Plaintiff ranged from moderate to the high end of the "serious" range was at best harmless error. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error rule to an ALJ's misstatement of evidence in a Social Security case).

Plaintiff's remaining objections relate to the weight the ALJ afforded to various evidence, the ALJ's conclusion that Dr. Hodan's opinions were based on subjective complaints, and the ALJ's assessment of Plaintiff's credibility. For the reasons discussed below, these objections are also without merit.

With respect to Plaintiff's contention that the Magistrate Judge erred in equating intellectual functioning with the absence of a mental disability (*i.e.*, a mental and emotional illness), this argument ignores the fact that the ALJ addressed the impact of both intellectual capacity and

---

[2] A GAF score of 41-50 reflects "serious symptoms" or "any serious impairment in social, occupational, or school functioning."

mental/emotional illness in determining Plaintiff's residual functioning.  For example, the ALJ noted:

> [T]here were no serious underlying thought disturbances noted; no inpatient mental health treatment was required; the claimant appeared to be simply unable to deal with the stress in her workplace; and the claimant's symptoms responded well when she was compliant with medication and out-patient therapy.
>
> *****
>
> The undersigned finds that the claimant's depression/anxiety cause no more than mild restriction of daily activities, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation of extended duration.

Transcript (Dkt. 9), pp. 22-23.  Moreover, the ALJ noted inconsistencies in Dr. Beltran's statements about Plaintiff's ability to work[3] and determined that Dr. Beltran's opinion "appears to be based primarily on the claimant's subjective complaints" and "the opinion is not supported by significant examination findings made by Dr. Beltram."  Transcript (Dkt. 9), pp. 22-23.  The Court agrees with the Magistrate Judge's conclusion that "the ALJ had good cause for affording Dr. Beltran's opinion limited weight, and the ALJ's Decision in this regard is supported by substantial evidence."

With respect to Dr. Hodan's opinions relating to Plaintiff's "rapid cycling bipolar disorder," the Court agrees with the Magistrate Judge's well reasoned conclusion that Dr. Hodan's observations regarding the Plaintiff's mood and demeanor did not constitute substantial evidence that would compel a different conclusion by the ALJ.  *See* Report and Recommendation (Dkt. 17), pp. 10-11.  To the extent Plaintiff argues that Dr. Hodan's opinions were based on the treatment records of other

---

[3] For example, the ALJ stated: "Both Dr. Beltran and therapist Warren indicated on the forms that the claimant was unable to work, while also indicating that the claimant was not fully compliant with treatment and while inconsistently discussing with the claimant her options for returning to work."  Transcript (Dkt. 9), p. 23.

4

health professionals, the ALJ properly explained why the opinions (and by analogy treatment records) of Dr. Beltran and Nancy Warren were entitled to only limited weight because they were based on Plaintiff's subjective complaints. The ALJ's conclusion that Dr. Hodan's opinions dealing with the Plaintiff's ability to maintain an emotionally stable demeanor were entitled to little weight was also supported by record evidence indicating that when Plaintiff was compliant with her medication, her mood was stabilized. *See* Transcript (Dkt. 9), pp. 22, 189, 198-99.

Plaintiff's contention that the Magistrate Judge erred in allowing the ALJ to give weight to the opinions of two non-examining experts is also without merit.[4] Substantial evidence supports the ALJ's finding that those opinions were well-supported by the objective medical evidence in the record. *See* 20 C.F.R. §§ 404.1512(b)(6); 404.1513(c), 404.1527(d)(4), 404.1527(f)(2).

With respect to the credibility determination, the ALJ set forth in detail the reasons for his conclusion that Plaintiff's subjective evidence of her symptoms lacked credibility and failed to establish a disability. *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).[5] For example, the ALJ stated:

> The claimant testified that she was isolated, had difficulty leaving the house, and sometimes could not get out of bed. However, the claimant and her father reported that the claimant was still able to do housework, cook, care for her dogs, go out on a daily basis, take her dogs to the park on a daily basis, walk, bike, swim, drive a car, visit and do social activities with family, shop, handle her finances, watch television, and use the computer and take on-line courses. Although

---

[4] The Magistrate Judge noted that Plaintiff had failed to articulate a legal basis for reversal on this basis and refused to speculate as to how Plaintiff intended to challenge the evaluation of the referenced opinions. *See* Report and Recommendation (Dkt. 17), p. 17.

[5] To the extent the ALJ's reasons for discrediting Plaintiff's testimony are less than explicit, it is clear from the ALJ's findings and conclusions that he implicitly discredited Plaintiff's testimony because her treating physician's records did not support Plaintiff's testimony as to the extent of her pain and claimed limitations. *See Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983) (*per curiam*).

> claimant denied to Dr. Hodan that she had a history of alcohol or drug abuse, Dr. Beltran did indicate such a history and the claimant reported that she attended AA meetings (Exhibit 5E, 6E, 7E).

Transcript (Dkt. 9), p. 23. Moreover, the ALJ properly considered the extent to which Plaintiff's symptoms could reasonably be accepted as consistent with the objective medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

### Conclusion

For the forgoing reasons, the Court agrees with the Magistrate Judge's conclusion that the ALJ's determinations are supported by substantial evidence and his conclusions comport with applicable legal standards. *See* 42 U.S.C. § 405(g). Accordingly, it is **ORDERED AND ADJUDGED**:

(1)   The Report and Recommendation (Dkt. 17) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

(2)   The decision of the Defendant Commissioner is **AFFIRMED**.

(3)   The Clerk is directed to enter judgment in favor of the Defendant Commissioner.

4)   The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** this 27ᵗᵸ day of September 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

6